WESTERN FLY GUARD COMPANY ET AL., APPELLANTS, V. PHILIP F. HODGES ET AL., APPELLEES.

FILED JULY 13, 1904.   No. 13,600.

1. Pledge: SUIT TO ENFORCE.  A pledge of money or negotiable paper in the hands of a third party to secure the payment of the purchase price of chattels upon an executory contract of sale vests in the vendor a lien upon or interest in the fund, which, upon performance of the contract by him, he may enforce by a suit in equity.

2. Evidence examined, and *held* to support the findings of fact and judgment of the trial court.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE.  *Affirmed.*

*Doyle & Berge,* for appellants.

*Mockett & Polk* and *Sawyer & Snell, contra.*

AMES, C.

Appellants were the owners of a patent for, and the manufacturers of, a device called a fly guard, which was designed to be attached to doors for the prevention of the ingress of flies when the former were in use.   They entered into a written agreement with the appellees to sell and deliver to the latter, at a specified date, 1,000 of these

contrivances for a purchase price of $500, to be paid on delivery, and the appellees, as a pledge for the performance of the contract on their part, deposited with the First National Bank of Lincoln, a promissory note against a third person, agreeing that it or its proceeds, in case of collection by the bank, should be turned over to the appellants in satisfaction of the purchase price upon performance of the contract by the latter. At the time the agreement was made the device was in an experimental stage, but a small model of it was exhibited with reference to which the contract was made, and there was, as the district court correctly found, an implied agreement that the fly guards to be delivered should conform thereto, or be equally as well adapted to accomplish the purpose intended. But certain castings entering into the structure of the model were made of brass, for which iron or steel was intended to be substituted in the manufacture of the guards for practical use, and it was found, upon the attempt being made, that it was difficult, or perhaps impossible, to make the substitution without changing the form of the castings in such manner as to seriously impair the efficiency of the device. At any rate, on the day specified by the parties for the delivery, appellants tendered to the appellees 1,000 of the guards as a compliance with the contract, but the latter refuesd to accept them on the ground, that by reason of the fact just mentioned, they were unsuitable for the purpose intended and were unsalable and without value. Thereupon this action was begun against the appellees and against the bank, as trustee or pledgee of the note and its proceeds, to compel the delivery thereof to the appellants pursuant to the contract. The bank filed an answer in the nature of interpleader and was permitted to retain the money to await the determination of the controversy between the parties claiming the fund, and to be discharged from the litigation.

Upon the trial the court made 10 special findings of fact, the last three of which are in the following language and

are in our opinion supported by a preponderance of the evidence:

"8. That at the time of making the contract between the parties herein the plaintiffs furnished to the defendants a certain model of the fly guards so to be manufactured and said model was delivered into the possession of the defendants, and the said defendants retained possession thereof producing the same at the trial of this cause, and there was an implied understanding and agreement between the parties that said fly guards were to be manufactured and constructed in accordance with said model, and that said guards would answer the purpose for which they were intended.

"9. That after the making of said agreement by the parties, the plaintiffs proceeded to the manufacture of such guards and the defendants assisted therein, making suggestions and assisting in experiments and attempting to make such guards out of other and different material other than the model as was first exhibited, in order that the same might be manufactured at less cost and thereby sold cheaper on the market. That said guards were not practicable in the manner in which they were made, and the device was only in the experimental stage and had not been useful or successful up to and including the times herein complained of and set forth in the issues between the parties herein.

"10. That the defendants gave notice to plaintiffs of the failure of said guards to perform the work and purposes for which they were intended and of the various defects therein and sought to aid the plaintiffs to perfect and make serviceable the said device, but that up to and including the time of the attempted delivery on the part of the plaintiffs to the defendants, the said device had not been perfected and made serviceable or useful for the purpose for which it was intended. That at the time of the making of such agreement and the depositing of the note in the First National Bank as herein described, the defendants relied upon the implied warranty that said de-

vice was serviceable and sufficiently perfected in its manu-
facture as to enable defendants to procure purchasers
therefor, and that upon the discovery of the imperfections
of such device and the impracticability of the same, the
defendants therefore refused to accept the same upon be-
ing tendered by the plaintiffs, and refused to execute the
order to the First National Bank for the delivery of the '
note, or the proceeds collected thereon, to the plaintiffs."

As conclusions of law the court found, in substance, that
the note and its proceeds are not a trust fund or pledge for
the performance of the contract by the appellees and that
the appellants, even in case of full compliance with the
contract on their part, would have had no interest therein,
or lien thereon, and no right of action in equity, but would
have been limited to their suit at law for damages for
breach of the contract. Thereupon there was a judgment
for the defendants of dismissal and for costs from which
this appeal is prosecuted. The contract and note were
inclosed in an envelope and deposited with the bank at
the same time, and a memorandum was indorsed on the
envelope to the effect that the note or its proceeds was not
to be delivered to the appellants except by the order of
the vendees, and this latter circumstance seems to have
been responsible for the conclusion of law by the court,
but it ought to have been considered in connection with
all its related circumstances, and it cannot be supposed to
have been intended wholly to defeat the purpose and prac-
tical importance of the deposit.

We think that the conclusions of law are erroneous, but
that the judgment is right. It was for the very purpose
of avoiding the necessity of a resort to the law courts and
reliance upon the pecuniary responsibility of the vendees,
in event of a breach of the contract by the appellees, that
the deposit was required to be made and was made. If ap-
pellants had not an interest in and a lien upon the deposit
enforceable in equity, in case the purchase price had be-
come payable by fulfilment of the contract, it might have
been withdrawn by appellees at any time, and appellants

deprived of their sole inducement for entering into the contract, and their sole security for the payment of the consideration money. But we are satisfied from an examination of the record that there was not such a performance of the contract by appellants as entitles them to recover and therefore recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.